## Tipton *vs* Grubbs.

APPEAL FROM THE MONTGOMERY CIRCUIT.

*Sales of Land. Executions.*

CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.

EJECTMENT.

*Case* 40.

*October* 15.

The case stated.

THIS is an action of ejectment for land conveyed by a sheriff to the lessor, as purchaser thereof under a *fi. fa.* which had been issued against the defendant who refused to surrender the possession, and still resists an eviction, on the ground, as urged by his counsel, that more land was sold than was necessary for satisfying the amount actually due to the judgment creditor, and that, therefore, the sale was illegal and void.

We concur with the Circuit Court in overruling that defence and rendering a judgment of eviction.

The *fi. fa.* under which the sale was made, was issued on a replevin bond, operating as a judgment; and even if, as assumed and may be admitted, the amount of the bond exceeded the aggregate sum which was due and collectable on the original judgment, nevertheless, as the execution was issued for no more than the amount specified in the bond, the official sale of as much land as was necessary for satisfying the execution, was not even illegal or irregular much less void. It was the officer's duty to make the amount of the execution, unless the bond and execution had been quashed or corrected.

A sale of land under execution or replevin bond, is not illegal or void, though the execution may be for a greater sum than was really due on the judgment. The sheriff's duty was to make a sale sufficient to satisfy the execution unless the bond and execution had been quashed.

Nor can we decide that the land was sold for more than the sum due and collectable on the face of the exe-

cution. The counsel on each side has made an elaborate exhibition of arithmetical calculation, resulting in a difference of less than two dollars—one of them showing that the amount made by the sale was less than that which was collectable by about *forty cents*, and the other exhibiting an excess of about *one dollar eighty cents*. The process is tedious and minute, and a fractional error in the result may not be easily avoided. Our revision rather confirms the calculation made by the appellee's counsel. But having no great confidence in the certainty of our arithmetic, we are not sure we are right to a cent; we are sure, however, that we cannot decide that the sheriff sold a foot more of the land than the execution required. Waiving, therefore, every other consideration which might be suggested on this point, we are of the opinion that the sheriff's sale and conveyance do not appear to have been void.

If, as suggested in argument, there was any injurious surprise or fraud in the sale, not proved or relied on in the trial of this action, a court of equity might afford the proper relief.

Judgment affirmed.

*Peters* for plaintiff; *Apperson* for defendant.

